UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE A. TIRADO,

    Petitioner,

v.                                              CASE NO. 6:16-cv-319-Orl-37KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This cause is before the Court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Thereafter, Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 7). Petitioner filed a reply (Doc. 10).

Petitioner alleges three claims for relief in his habeas petition. However, as discussed hereinafter, the Court concludes that an evidentiary hearing is warranted on the issue of whether Petitioner is entitled to equitable tolling of the one-year statute of limitations.

**I.    PROCEDURAL HISTORY**

Petitioner was charged by amended information with lewd or lascivious molestation (count one) and sexual battery on a person less than twelve years of age (count two) (Doc. 7-1 at 5). After a jury trial, Petitioner was convicted as charged. *Id.* at 521-22. However, the trial court entered a *nolle prosequi* on count one. *Id.* at 516. The trial

court sentenced Petitioner to a term of life in prison for count two. *Id.* at 526-29. Petitioner appealed, and the Fifth District Court of Appeal ("Fifth DCA") *per curiam* affirmed Petitioner's convictions and sentences on February 15, 2011. *Id.* at 587.

On February 18, 2013,[1] Petitioner filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel with the Fifth DCA. *Id.* at 591-94. The Fifth DCA denied the petition without discussion on June 21, 2013. *Id.* at 614.

On March 7, 2013, Petitioner filed a motion for extension of time to file a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. *Id.* at 616-18. The trial court granted the motion for extension of time and gave Petitioner six months to file a Rule 3.850 motion. *Id.* at 630-31.

On September 13, 2013, Petitioner filed a Rule 3.850 motion. *Id.* at 633-48. Petitioner filed a second Rule 3.850 motion on January 19, 2014. *Id.* at 649-66. Petitioner subsequently file two motions for leave to amend on August 15, 2014, and September 11, 2014. *Id.* at 668-703. The trial court denied the merits of Petitioner's motions on June 22, 2015. *Id.* at 718-34. Petitioner appealed, and on November 10, 2015, the Fifth DCA affirmed *per curiam*. *Id.* at 937. Mandate issued on January 14, 2016. *Id.* at 952. Petitioner filed his federal habeas petition on February 17, 2016 (Doc. 1).

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

## II. TIMELINESS OF THE PETITION

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)  the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court affirmed Petitioner's conviction and sentence on February 15, 2011. Petitioner's conviction became final ninety days later, or on May 16, 2011. *See* Sup. Ct. R. 13(3) (stating the time to file a petition for writ of certiorari runs from the date of entry or judgment or denial of rehearing and not the date mandate

is issued). Thus, under § 2244(d)(1)(A), Petitioner had through May 16, 2012, absent any tolling, to file a federal habeas petition. Petitioner's federal habeas petition, filed on February 17, 2016, is untimely filed.

The Court is aware that Petitioner also filed several post-conviction motions in the state court. However, the one-year period expired before Petitioner initiated those actions. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"). Consequently, the instant habeas petition is untimely.

### III. EQUITABLE TOLLING

To overcome his untimely filing, Petitioner contends that he is entitled to equitable tolling (Doc. 10 at 2-3). In *Holland v. Florida*, 560 U.S. 631, 649 (2010), the Supreme Court of the United States held that a petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence,'. . . 'not maximum feasible diligence. . . .'" *Id.* at 653 (internal quotations and citations omitted). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). "[T]he reasonable diligence and

4

extraordinary circumstance requirements are not blended factors; they are separate elements, both of which must be met before there can be any equitable tolling." *Cadet* v. *State of Fla. Dep't of Corr.*, 853 F.3d 1216, (11th Cir. 2017) (citing *Menominee Indian Tribe of Wisc. v. United States*, 136 S. Ct. 750, 757 n.5 (2016)) ("*Cadet II*").

Petitioner alleges that he is entitled to equitable tolling because his post-conviction attorney essentially abandoned him (Doc. 10 at 2-6). Petitioner asserts that he hired attorney David Molansky on or about August 9, 2011, to file a Rule 3.850 motion for post-conviction relief and a Rule 3.853 motion for DNA testing, and Molansky "verbally agreed to make sure that Petitioner's AEDPA time was also preserved . . . ." *Id.* at 4. Petitioner contends that the State frustrated Molansky's ability to timely file state post-conviction motions that would toll the one-year period for filing his federal petition. *Id.* Petitioner contends that he repeatedly contacted Molansky, who informed Petitioner that he "would have plenty of time to file his habeas petition." *Id.* According to Petitioner, Molansky informed him on January 22, 2013,[2] that he would be unable to file a post-conviction motion on Petitioner's behalf. *Id.* Petitioner states that after he learned counsel would not be filing a motion, he diligently sought an extension of time in the state court to file his Rule 3.850 motion. *Id.* at 5. Petitioner states that he was "lulled into inactivity by counsel's affirmations that he would timely file . . . [his] post conviction relief motions and would have sufficient time to timely file . . . [a] habeas petition." *Id.*

---

[2] As of January 22, 2013, the one-year limitations period had already expired.

The Eleventh Circuit has held that "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstances for purposes of equitably tolling; abandonment of the attorney-client relationship, such as may have occurred in *Holland*, is required." *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 481 (11th Cir. 2014) ("*Cadet I*"). "Abandonment denotes renunciation or withdrawal, or a rejection or desertion of one's responsibilities, a walking away from a relationship." *Cadet II*, 853 F.3d at 1216 (citations omitted). Similarly, "'bad faith, dishonesty, divided loyalty, [and] mental impairment' . . . may . . . serve as extraordinary circumstances that support a claim to equitable tolling." *Thomas v. Att'y Gen.*, 795 F.3d 1286, 1292 (11th Cir. 2015) (quoting *Holland v. Florida*, 539 F.3d 1334, 1339 (11th Cir. 2008), *rev'd on other grounds, Holland v. Florida*, 560 U.S. 631 (2010)). In addition, "[a]ffirmative misrepresentations by counsel about the filing of a state habeas petition can constitute extraordinary circumstances that warrant equitable tolling." *Roper v. Dep't of Corr.*, 434 F. App'x 786, 790 (11th Cir. 2011).

As explained by the Eleventh Circuit:

> It is well settled that "[t]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at 1268. A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012). "And the allegations supporting equitable tolling must be specific and not conclusory." *Id.* In light of the petitioner's burden, district courts are not "required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface." Chavez, 647 F.3d at 1061.

*Lugo v. Sec'y, Fl. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014).

Petitioner has pled sufficient facts demonstrating that a question of fact exists with regard to whether counsel's actions constituted abandonment or bad faith and therefore amounts to an extraordinary circumstance that prevented him from timely filing his federal habeas petition. *See Cadet I*, 742 F.3d at 481; *Lugo*, 750 F.3d at 1209; *Roper,* 434 F. App'x at 790. Consequently, the Court concludes that an evidentiary hearing on this matter is warranted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Court will hold an evidentiary hearing with regard to whether extraordinary circumstances exist such that Petitioner is entitled to equitable tolling of the one-year limitations period.

2. The hearing is scheduled for **Wednesday, June 14, 2017**, at 9:00 a.m. in Courtroom 4A of the George C. Young United States Courthouse and Federal Building on 401 W. Central Boulevard, Orlando, Florida 32801.

3. The United States Magistrate Judge is directed to appoint counsel on behalf of Petitioner.

4. On or before May 31, 2017, Petitioner shall file a statement entitled "Pretrial Narrative Statement." The Pretrial Narrative Statement shall contain:

> (a) A brief general statement of the case.
>
> (b) A narrative written statement of the facts that will be offered by oral or documentary evidence at the evidentiary hearing.
>
> (c) A list of all exhibits to be offered into evidence at the evidentiary hearing.

(d) A list of the full names and addresses of places of employment for all the witnesses that Petitioner intends to call.

(e) A summary of the anticipated testimony of each witness named in (d).

5. On or before June 7, 2017, the Government shall file a "Pretrial Narrative Statement," entitled as such. The Pretrial Narrative Statement shall comply with paragraphs 4(a) through (e) above.

**DONE AND ORDERED** in Orlando, Florida, this 5th day of May, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 5/5
Counsel of Record
Jose A. Tirado
Magistrate Judge Spaulding