UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE A. TIRADO,

    Petitioner,

v.                                                                           CASE NO. 6:16-cv-319-Orl-37KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondent.
_____/

**ORDER**

This cause is before the Court on a Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2254. Petitioner alleges three claims for relief. *Id.* The Court previously determined that the Petition was untimely filed and an evidentiary hearing was warranted on whether Petitioner is entitled to equitable tolling of the one-year statute of limitations.[1] (Doc. 12).

On June 23, 2017, the Court conducted an evidentiary hearing and heard testimony and argument regarding the equitable tolling issue. (Doc. 29). For the following reasons,

---

[1] The Court's May 5, 2017, Order contains a full discussion of the procedural history and timeliness of the Petition, which will not be reiterated here. (*Id.*).

1

the Court concludes that Petitioner is not entitled to equitable tolling of the one-year statute of limitations. Consequently, the Petition is untimely filed.

## I. EVIDENCE ADDUCED AT EVIDENTIARY HEARING

At the evidentiary hearing, Petitioner testified that his mother hired Mr. Molansky on approximately May 9, 2011, to file post-conviction motions on his behalf. Petitioner was aware of the one year statute of limitations for filing a federal habeas petition. According to Petitioner, when he hired Mr. Molansky, he informed counsel of his concerns with regard to the statute of limitations for both his federal and state court post-conviction remedies. Petitioner testified that in December 2011 or January 2012, he wrote Mr. Molansky a letter and also had his mother call Mr. Molansky. Petitioner stated that he asked Mr. Molanksy again about the time limits for filing specific documents in the state and federal courts. Petitioner testified that counsel informed him that he was taking care of the filings in a timely manner. Petitioner subsequently received a letter on January 22, 2013, indicating that counsel would not be filing any state court documents on Petitioner's behalf.

On cross-examination, Petitioner testified that Mr. Molansky had more contact with his mother, and he only spoke to Mr. Molansky once on the telephone. Petitioner stated that his mother called Mr. Molansky every one to two months, and Mr. Molansky informed him or his mother that he was researching issues and waiting for state documents. Petitioner also testified that he was aware Mr. Molansky was not retained to file a federal habeas petition. However, Petitioner testified that Mr. Molansky assured

2

him that the time for filing such a petition would be tolled. Petitioner admitted that none of counsel's letters referenced filing a federal habeas petition or the one-year limitations period.

Elizabeth Tirado, Petitioner's mother, testified that she paid Mr. Molansky to file a Rule 3.850 post-conviction motion on her son's behalf. Ms. Tirado called Mr. Molansky to ask updates regarding the matter and to let him know that the limitations period for filing a federal habeas was going to expire. Ms. Tirado corroborated Petitioner's testimony that she contacted Mr. Molansky every month or every two months until August 2012, when she began to email counsel. Ms. Tirado testified that Mr. Molansky never said anything about the statute of limitations and merely expressed that they were "all right on the time frame." On cross-examination, Ms. Tirado stated that none of counsel's emails or writings referenced the statute of limitations.

Mr. Molansky testified that he has been practicing law since July 17, 2000, and he devotes ninety-five percent of his practice to criminal law. Mr. Molansky estimated that he has handled approximately forty to fifty post-conviction cases and obtained relief in twelve to fourteen of those cases. Mr. Molansky testified that the scope of the representation in Petitioner's case was to review the transcripts and appellate record and conduct an investigation to determine whether there were grounds for filing a Rule 3.850 motion. During the course of his representation, Mr. Molansky sent Petitioner letters, updated him on the status of the case, and sent him copies of correspondence. Mr. Molansky testified that he never discussed the statute of limitations for filing a federal

habeas petition. Mr. Molansky also explained that he never indicated that would file a federal habeas petition. Furthermore, Mr. Molansky testified that neither Petitioner nor Ms. Tirado raised the statute of limitations issue for a federal habeas petition.

## II. ANALYSIS

To overcome his untimely filing, Petitioner contends that he is entitled to equitable tolling. (Doc. 10 at 2-3). Petitioner argues that Mr. Molansky was hired to file post-conviction motions or pleadings, and instead he abandoned him. (*Id.* at 3-4). Petitioner states that because counsel informed him that he would timely file documents on his behalf and later failed to do so, he was unable to timely file his habeas petition. (*Id.* at 4).

In *Holland v. Florida*, 560 U.S. 631, 649 (2010), the Supreme Court of the United States held that a petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence,'. . . 'not maximum feasible diligence. . . .'" *Id.* at 653 (internal quotations and citations omitted). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). "[T]he reasonable diligence and extraordinary circumstance requirements are not blended factors; they are separate elements, both of which must be met before there can be any equitable tolling." *Cadet* v. *State of Fla. Dep't of Corr.*, 853 F.3d 1216, 1225 (11th Cir. 2017) (citing *Menominee Indian Tribe of Wisc. v. United*

4

*States*, 136 S. Ct. 750, 757 n.5 (2016)). Additionally, the Eleventh Circuit has stated that "[t]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *Lugo v. Sec'y, Fl. Dep't of Corr.*, 750 F.3d 1198 (11th Cir. 2014) (citing *San Martin,* 633 F.3d at 1268).

In the instant case, Petitioner's testimony conflicts with Mr. Molansky's testimony. Petitioner testified that he advised Mr. Molansky about the time limits for filing a federal habeas petition, and Mr. Molansky repeatedly assured him that he would make sure that the time for filing his federal habeas petition would be tolled. Ms. Tirado also testified that Mr. Molansky stated that they were "all right on the time frame." However, Ms. Tirado admitted that none of the correspondence with Mr. Molansky referenced the statute of limitations. In contrast, Mr. Molansky testified that he was hired to investigate the potential for filing a Rule 3.850 motion and not a federal habeas petition. Mr. Molansky also testified that Petitioner and Ms. Tirado never asked him any questions with regards to the federal statute of limitations.

Having carefully considered the testimony of the witnesses at the evidentiary hearing and the entire record in this case, the Court accepts Mr. Molanksy's testimony as credible and concludes that the testimony of Petitioner is not credible. *Chavez-Garcia v. United States*, 255 F. App'x 375, 376 (11th Cir. 2007) ("'Where there is directly conflicting testimony, the credibility determination should be left to the district judge.'") (quoting *Green v. United States*, 880 F.2d 1299, 1306 (11th Cir. 1989)). This credibility determination is supported by the fact the record is devoid of any additional evidence supporting

5

Petitioner's allegations he asked counsel about the limitations period for filing a federal habeas petition. Petitioner has not presented any documentary evidence to demonstrate that counsel contemplated or advised him regarding the one-year statute of limitations under § 2244(d).

Thus, Petitioner has not demonstrated that Mr. Molansky failed to communicate with him or acted in such a manner that he was lulled into inaction or prevented from timely filing the Petition. Petitioner was aware of the one-year statute of limitations and admits that counsel made no agreement to file a federal petition on his behalf. Although the better practice would have been for counsel to document in writing the scope of the representation and address the limitations period for any post-conviction remedies, the failure to do so amounts to negligence and not abandonment or egregious conduct. *See Cadet*, 853 F.3d at 1234-36 (holding that more than negligence or gross negligence is required to demonstrate extraordinary circumstances and that abandonment, or a "renunciation or withdrawal, or a rejection or desertion of one's responsibilities, a walking away from a relationship" can be an extraordinary circumstance to justify equitable tolling); *Roper v. Dep't of Corr.*, 434 F. App'x 786, 790 (11th Cir. 2011) (holding that "[a]ffirmative misrepresentations by counsel . . . can constitute extraordinary circumstances that warrant equitable tolling).

Furthermore, even if counsel had negligently advised Petitioner regarding the one-year statute of limitations, that error also does not warrant equitable tolling. A misreading of § 2244(d) "is the kind of attorney error regarding the § 2244(d) statute of

6

limitations provisions that . . . courts have held does not qualify as an extraordinary circumstance warranting equitable tolling." *Cadet*, 853 F.3d at 1235 (citation omitted). Petitioner has not shown that an extraordinary circumstance prevented him from timely filing his Petition. Therefore, Petitioner is not entitled to equitable tolling on this basis, and his untimely Petition will not be excused.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year limitations period and that are not specifically addressed herein have been found to be without merit.

### III. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Jose A. Tirado (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 12th day of October, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 10/12
Counsel of Record